## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS DIVISION

———————————————————— x

IN RE HELEN RACANELLI    :
            :
  Debtor       : Case No. 16-22617-rdd
            :
HELEN RACANELLI     : Adv. No. 16-08254-rdd
            :
  Plaintiff,     :
            :
v.            :
            :
BANK OF AMERICA, N.A., NATIONSTAR :
MORTGAGE LLC, U.S. BANK NATIONAL :
ASSOCIATION, AS TRUSTEE FOR GSAA :
HOME EQUITY TRUST 06-00019, ASSET- :
BACKED CERTIFICATES, SERIES 06-00019, :
AND RECONTRUST     :
            :
    Defendants.   :

———————————————————— x

---

**DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-5312
Heather Elizabeth Saydah
hsaydah@winston.com

*Attorneys for Defendants Bank of
America, N.A. and Recontrust
Company, N.A.*

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.    ARGUMENT AND AUTHORITIES ................................................................. 3

       A.    Applicable Legal Standard ..................................................................... 3

       B.    The Court Should Dismiss the Complaint Against BANA Defendants Because Plaintiff Does Not and Cannot State a Cognizable Claim for Relief..................... 4

              1.    Plaintiff's Claims Are Time-Barred as a Matter of Law. .......................4

              2.    Plaintiff Lacks Standing to Challenge or Assert Rights Under the Assignment, Corrective Assignment, Securitization of the Loan, and National Mortgage Settlement. ...............................................5

              3.    Plaintiff Does Not and Cannot State a Cognizable Claim for Civil Conspiracy to Commit Fraud (Count One) Against BANA Defendants. ...........................................................................................9

              4.    Plaintiff Does Not and Cannot State a Cognizable Claim for Violation of RICO (Count Two) Against BANA Defendants...............10

              5.    Plaintiff Does Not and Cannot State a Cognizable Claim for Waiver of Tender (Count Three) Against BANA Defendants. .............13

              6.    Plaintiff's Claim for Declaratory Relief (Count Six) Against BANA Defendants Fails. ........................................................................14

              7.    The Court Should Deny Plaintiff's Request for Sanctions and Damages (Count Seven) Against BANA Defendants. .........................14

III.   CONCLUSION.................................................................................................. 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*,
    483 U.S. 143 (U.S. 1987)............................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................3, 4

*B-Real, LLC v. Chaussee*,
    399 B.R. 225 (9th Cir. BAP 2008)..........................................................................14

*Beck v. Manufacturers Hanover Trust Co.*,
    820 F.2d 46 (2d Cir. 1987)......................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................3, 4

*Besicorp Ltd. v. Kahn*,
    290 A.D.2d 147 (3d Dep't 2002) .............................................................................11

*Blue Tree Hotel Inv. v. Starwood Hotels & Resorts Worldwide, Inc.*,
    369 F.3d 212(2d Cir. 2004).......................................................................................2

*Boco v. Argent Mortgage Co., LLC*,
    No. 13-cv-1165 (DLI)(CLP), 2014 WL 1312101 (E.D.N.Y. Mar. 31, 2014) ..........6

*Cimerring v. Merrill Lynch Mortgage Investors*,
    No 8727/2011, 2012 N.Y. Misc. LEXIS 2879 (N.Y. App. Div. June 13, 2012).......7

*Conant v. Wells Fargo Bank, N.A.*,
    No. CV 13-572 (CKK), 2014 WL 575758 (D.D.C. Feb. 14, 2014) .........................8

*DeFalco v. Bernas*,
    244 F.3d 286 (2d Cir. 2001), *cert. denied* 534 U.S. 891 (2001).............................10

*Deutsche Bank Natl. Trust Co. v. Pietranico*,
    33 Misc. 3d 528 (Sup. Ct. Suffolk, 2011) ................................................................7

*Divittorio v. Equidyne Extractive Indus., Inc.*,
    822 F.2d 1242 (2d Cir. 1987).....................................................................................9

*Genty v. Resolution Trust Corp.*,
    937 F.2d 899(3d Cir. 1991)...............................................................................10, 11

*Ghaffari v. Wells Fargo Bank, N.A.*,
  No. 13-115, 2013 WL 6070364 (D.D.C. Nov. 19, 2013) ........................................8

*Glaviano v. JP Morgan Chase Bank, N.A.*,
  No. 13–cv–2049, 2013 WL 6823122 (D.D.C. Dec. 27, 2013) ...............................8

*Gross v. Waywell*,
  628 F. Supp. 2d 475 (S.D.N.Y. June 16, 2009) ....................................................11

*Hadden v. Consolidated Edison Co. of N.Y.*,
  45 N.Y.2d 466 (N.Y. 1978) ....................................................................................13

*Hoag v. Chancellor, Inc.*,
  677 N.Y.S.2d 531 (1st Dep't 1998) ..........................................................................9

*Introna v. Huntington Learning Ctrs., Inc.*,
  78 A.D. 3d 896 (2010) ..............................................................................................9

*JPMorgan Chase Bank, NA v. Ackley*,
  No. 12-1338, 2013 WL 1749783 (Iowa Ct. App. Apr. 24, 2013)............................8

*Jurewitz v. Bank of Am.*,
  938 F. Supp. 2d 994 (S.D. Cal. 2013)......................................................................8

*Kenmore Mercy Hosp. v. Daines*,
  No. 09-CV-162S, 2011 WL 4368564 (W.D.N.Y. Sept. 19, 2011)........................14

*Kramer v. Time Warner, Inc.*,
  937 F.2d 767 (2d Cir. 1991)......................................................................................2

*Loo v. HSBC Mortgage Corp.*,
  No. 20981/11, 36 Misc. 3d 1223(a), 2012 N.Y. Misc. LEXIS 3682 (N.Y. Sup.
  Ct., July 30, 2012 ......................................................................................................6

*McCain v. Bank of Am.*,
  No. 13–cv–1418, 2014 WL 334196(D.D.C. Jan. 30, 2014) ....................................8

*MERSCORP, Inc. v. Romaine*,
  861 N.E.2d 81 (N.Y. 2006)......................................................................................7

*Meskimen v. Alt. Loan Trust 2006-9T1*,
  No. 130Civ. 4684, 2014 U.S. Dist. LEXIS 124578 (S.D.N.Y. Aug. 28, 2014) ......5

*O'Brien v. Nat'l Prop. Analysts Partners*,
  719 F.Supp. 222(S.D.N.Y. 1989) ..........................................................................10

*Rajamin v. Deutsche Bank Nat'l Trust Co.*,
  757 F.3d 79 (2d Cir. 2014).................................................................................5, 7

*Rehbein v. CitiMortgage, Inc.*,
   937 F. Supp. 2d 753 (E.D. Va. 2013) ....................................................................8

*SEC v. Prudential Sec. Inc.*,
   136 F.3d 153  (D.C. Cir. 1998) ............................................................................8

*Sedima, S.P.R.L. v. Imrex Co.*,
   473 U.S. 479 (1985) ..........................................................................................11

*Spokeo, Inc. v. Robins*,
   136 S.Ct. 1540 (May 16, 2016) ..........................................................................12

*Stone v. Williams*,
   970 F.2d 1043 (2nd Cir. 1992) .............................................................................5

*Summers v. Earth Island Institute*,
   555 U.S. 488 (2009) ..........................................................................................12

*Toliver v. Fischer*,
   No. 9:12-cv-00077 (MAD/ATB), 2015 WL 403133 (N.D.N.Y. Jan. 29, 2015) ......................5

*United States v. Persico*,
   832 F.2d 705 (2d Cir. 1987), *cert. denied* 486 U.S. 1022 (1988) ..........................11

*Williams v. Breslin*,
   274 F. Supp. 2d 421 (S.D.N.Y. 2003) ...................................................................3

**Statutes**

11 U.S.C. § 105(a) ....................................................................................................14

11 U.S.C. § 506(d) ....................................................................................................14

18 U.S.C. § 1961 ......................................................................................................10

18 U.S.C. § 1962 ......................................................................................................10

18 U.S.C. § 1962(c) ..................................................................................................11

**Rules**

FED. R. CIV. P. 9(b) ..........................................................................................9, 10, 11

Fed. R. Civ. P. 12(b)(3) ..............................................................................................3

Fed. R. Civ. P. 12(b)(6) ..........................................................................1, 2, 3, 13, 15

N.Y.C.P.L.R. § 213 ......................................................................................................4

Defendants Bank of America, N.A. ("BANA") and Recontrust Company, N.A. ("Recontrust," and collectively with BANA, "BANA Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed against them on November 29, 2016 ("Complaint" or "Compl.") by Plaintiff Helen Racanelli ("Plaintiff"), pursuant to  Fed. R. Civ. P. 12(b)(6) as made applicable by Bankruptcy Rule 7012(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons set forth below, the Court should dismiss the Complaint against BANA Defendants with prejudice.

## I.      INTRODUCTION

Plaintiff's Complaint offers no facts to sustain a claim against BANA or Recontrust, and instead consists of outside materials that have nothing to do with the case at hand, such as a PowerPoint presentation, a news article, a report, and allegations and deposition testimony in other cases, all of which is meant to distract the Court from Plaintiff's stale and meritless claims. By way of background, on or about August 10, 2006, Plaintiff executed a note (the "Note"), attached as **Exhibit A** to the Affirmation of Heather E. Saydah ("the "Saydah Aff."), in favor of Countrywide Bank, N.A. ("Countrywide") in exchange for a loan in the amount of $508,000.00 (the "Loan").[1]  Ex. A.  As security for the Note, Plaintiff, along with Anthony Racanelli (the "Borrowers"), on the same date executed a mortgage (the "Mortgage"), secured by the property located at 18 Mountainview Avenue, Ardsley, New York 10502 (the "Property"), in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide and the successors and assigns of Countrywide.  *See* Mortgage, attached as **Exhibit B** to the Saydah Aff., recorded on November 3, 2006 in Westchester County, New York.  On or around August 12,

---

[1] The Loan was later modified by virtue of a loan modification agreement entered into by Plaintiff and Countrywide on or around October 29, 2008.

2009, MERS assigned the Mortgage to Countrywide Bank, N.A. National Association, as Trustee for the Holders of GSAA Home Equity Trust 2006-19, Asset-Backed Certificates, Series 2006-19 (the "Assignment," attached to the Saydah Aff. as **Exhibit C**). The Assignment was recorded on October 13, 2009 in Westchester County, New York. *See id.* On or around July 1, 2013, BANA ceased servicing the Loan and transferred servicing to Nationstar Mortgage LLC (the "Service Transfer Letter," attached to the Saydah Aff. as **Exhibit D**). Compl. ¶¶ 5, 266. On or around December 20, 2013, a corrective assignment was recorded in Westchester County, New York to correct the scrivener's error in the Assignment to state the assignee is U.S. Bank National Association, as Trustee for the Holders of the GSAA Home Equity Trust 2006-19, Asset-Backed Certificates, Series 2006-19 ("U.S. Bank") (the "Corrective Assignment," attached to the Saydah Aff. as **Exhibit E**).[2]

In the Complaint, Plaintiff asserts five claims against BANA Defendants:[3] civil conspiracy to commit fraud (Count One); violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count Two); waiver of tender (Count Three); declaratory judgment (Count Six); and sanctions and damages (Count Seven).

In the 52-page Complaint, Plaintiff spends pages and pages discussing Florida caselaw, including *Bank of New York v. SSG Worldwide, LLC,* filed in Florida under Case No. 08-59791-

---

[2] In evaluating this motion to dismiss, the Court may consider the Note, Mortgage, Assignment, and Corrective Assignment attached hereto, as the Mortgage, Assignment, and Corrective Assignment are matters of public record and the Note, Mortgage, Assignment, and Corrective Assignment are referenced in the Complaint and form the basis of Plaintiff's claims. *See Blue Tree Hotel Inv. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) (stating that "courts may look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) (affirming Rule 12(b)(6) dismissal of a securities fraud case where the district court considered documents filed with the Securities and Exchange Commission).

[3] Plaintiff also brings claims for objection to motion for relief from stay (Count Four) and objection to proof of claim (Count Five), but asserts no allegations against BANA or Recontrust in either of those claims. To the extent Plaintiff intends to bring those claims against BANA or Reconstrust, Counts Four and Five should be dismissed with prejudice because Plaintiff does not allege that either BANA or Recontrust filed a motion for relief from stay or proof of claim.

CA ("SSG Worldwide")*,* the purported deposition testimony in that case, and the alleged findings in that case. *See* Compl. ¶¶103-106, 115-137, Florida case law, including SSG Worldwide, provides no binding authority or support for Plaintiff's meritless claims and should be ignored. Moreover, the Court in SSG Worldwide granted Judgment for Foreclosure on June 22, 2016 and further denied Defendants' Motion for Rehearing on August 10, 2016 (the "SSG Orders," attached Saydah Aff. as **Exhibit F**). Plaintiff's claims are time-barred by the applicable statutes of limitations, and Plaintiff fails to allege facts to support any cognizable claim. For all of these reasons and others discussed below, the Court should dismiss the Complaint against BANA Defendants in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    ARGUMENT AND AUTHORITIES

### A.    Applicable Legal Standard

The Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, a court accepts all well-pleaded factual allegations contained in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Williams v. Breslin,* 274 F. Supp. 2d 421, 425 (S.D.N.Y. 2003). A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (citations omitted). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at

557).  Legal conclusions couched as factual allegations, and "threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, [will] not suffice" to prevent a

motion to dismiss.  *Id.* (quoting *Twombly*, 550 U.S. at 555).  As explained below, Plaintiff fails

to state a cognizable claim against BANA Defendants, and the Court should dismiss the

Complaint against them with prejudice, accordingly.

> **B.**     **The Court Should Dismiss the Complaint Against BANA Defendants
> Because Plaintiff Does Not and Cannot State a Cognizable Claim for Relief.**

> **1.**     **Plaintiff's Claims Are Time-Barred as a Matter of Law.**

Plaintiff's claims for civil conspiracy to commit fraud (Count One) and RICO (Count

Two) against BANA Defendants are time-barred by the applicable statutes of limitations.

Plaintiff alleges with respect to each of these claims:

- "Defendants intended to defraud both Plaintiff and this Court by using surrogate
signed evidence of standing and materially false mortgage assignments."  Compl.
¶ 227.

- BANA Defendants furthered a "racketeering scheme to procure the Plaintiff's
property using fraudulent, misleading and/or surrogate signed mortgage
assignments."  *Id.* ¶ 238.

But these claims are time-barred under applicable New York law and should be dismissed with

prejudice.

In New York, a claim for civil conspiracy sounding in fraud is governed by New York's

six-year statute of limitations for fraud claims.  N.Y.C.P.L.R. § 213.   A civil RICO claim is

subject to a four-year statute of limitations.  *Agency Holding Corp. v. Malley-Duff & Associates,*

*Inc.,* 483 U.S. 143, 143 (U.S. 1987).  Plaintiff's allegations in support of each of these claims

against BANA Defendants relate to the execution of the Assignment which took place on or

around August 12, 2009.  Ex. C.  Plaintiff did not file the instant Complaint until November 29,

2016, more than seven years after the execution of the Assignment. *See generally* Compl. Thus, Plaintiff's claim for civil conspiracy to commit fraud expired on August 12, 2015, and her claim for violation of RICO expired on August 12, 2013.

Finally, Plaintiff's claim for declaratory relief (Count Six)—to the extent it is based on challenges to the Assignment—is also time-barred, as an action for declaratory relief is a procedural device and is time-barred to the extent the underlying substantive claims are time-barred. *See Stone v. Williams*, 970 F.2d 1043, 1048 (2nd Cir. 1992). Likewise, Plaintiff's claim for sanctions and damages (Count Seven) against BANA Defendants fails because Plaintiff does not and cannot allege any cognizable claim giving rise to an award of sanctions or damages, as Counts One and Two are time-barred. *See Toliver v. Fischer,* No. 9:12-cv-00077 (MAD/ATB), 2015 WL 403133, at * 10 (N.D.N.Y. Jan. 29, 2015). For all of these reasons, the Court should dismiss Counts One, Two, Six, and Seven against BANA Defendants, with prejudice.

> **2.      Plaintiff Lacks Standing to Challenge or Assert Rights Under the Assignment, Corrective Assignment, Securitization of the Loan, and National Mortgage Settlement.**

Counts One, Two, Six, and Seven against BANA Defendants are predicated on challenges to or an attempt to assert rights under the Assignment, Corrective Assignment, securitization of the Loan, or National Mortgage Settlement (the "NMS"), but Plaintiff does not and cannot establish standing to attack or assert rights under the assignments, securitization documents, or NMS, to which she is not a party or an intended beneficiary. *See Rajamin v. Deutsche Bank Nat'l Trust Co.,* 757 F.3d 79, 87 (2d Cir. 2014) (holding that "plaintiffs lacked standing to enforce the [assignment] agreements to which they were not parties and of which they were not intended beneficiaries"); *Meskimen v. Alt. Loan Trust 2006-9T1,* No. 130Civ. 4684, 2014 U.S. Dist. LEXIS 124578, at *3 (S.D.N.Y. Aug. 28, 2014) (holding that "because[p]laintiff, like the mortgagors in *Rajamin,* has failed to allege any injury in fact

stemming from the multiple assignments of his Deed of Trust, and because he was not a party to an agreement that he claims was breached, he lacks standing to bring the claims stated in his Amended Complaint").  Fatally, Plaintiff does not and cannot allege that she is a party to, or intended beneficiary of, the Assignment, Corrective Assignment, securitization documents, or NMS, *see generally* Compl.; thus, Plaintiff lacks standing to challenge  or assert rights under them.   Furthermore, a claim challenging an entity's standing to foreclose is not ripe before default and commencement of a foreclosure action.  *See Loo v. HSBC Mortgage Corp.,* No. 20981/11, 36 Misc. 3d 1223(a), 2012 N.Y. Misc. LEXIS 3682, at *7 (N.Y. Sup. Ct., July 30, 2012.  Plaintiff fails to establish sufficient injury in fact.  Plaintiff does not and cannot allege she did not take out a loan, that she had an obligation to repay, and that the loan was paid in full.  *See* Compl.  The Assignment did not alter Plaintiff's Loan or her obligations under the Loan.  *See Boco v. Argent Mortgage Co., LLC,* No. 13-cv-1165 (DLI)(CLP), 2014 WL 1312101, at *3 (E.D.N.Y. Mar. 31, 2014).  Here, Plaintiff clearly lacks standing.

To the extent Plaintiff contends that MERS lacked authority as a nominee to assign the Mortgage, this assertion goes against the plain terms of the Mortgage, in which the Plaintiff granted the mortgage to "MERS (solely as nominee for Lender and Lender's successors in interest) and its successors in interest." It is well settled in New York that contracts are freely assignable in New York, absent language which expressly prohibits assignment. (*See East West Bank v. 32 Tower, LLC*, 2011 NY Slip Op 52513 [N.Y. Sup. Ct., 2011].) Here, there is express language permitting assignment of the Mortgage by MERS.  Moreover, the mortgage places no restrictions on MERS ability to take actions, such as assigning its interest, providing MERS could "exercise any or all" rights of the lender and the lender's successors and assigns, Ex. B, and it also flies in the face of New York law, which clearly establishes that MERS has authority

-6-

to assign mortgages. *See MERSCORP, Inc. v. Romaine,* 861 N.E.2d 81, 97 (N.Y. 2006). To the extent Plaintiff claims MERS split the Note and Mortgage, no splitting occurred, because as set forth in the Mortgage, which Plaintiff signed and agreed to, MERS was nominee for the lender and its successors and assigns. *See* Ex. B. Furthermore, when MERS was the mortgagee, there was no need for an assignment each time the Note was sold because MERS remained the mortgagee as nominee for any successor lender. *See Deutsche Bank Natl. Trust Co. v. Pietranico,* 33 Misc. 3d 528, 549 (Sup. Ct. Suffolk, 2011).

Moreover, the Assignment and Corrective Assignment were properly executed and recorded, representing a clean chain of title, as evidenced by the public record. Exs. C, D. Plaintiff's Complaint does not undermine that chain of title in any way, and her assertions otherwise are completely unsupported by fact or law.

To the extent Plaintiff attempts to challenge or assert rights relating to the securitization of the Loan, Plaintiff lacks standing. Courts have routinely rejected claims regarding securitization and alleged failure to comply with terms of pooling and servicing agreements. *See Rajamin,* 757 F.3d at 86-87; *Cimerring v. Merrill Lynch Mortgage Investors,* No 8727/2011, 2012 N.Y. Misc. LEXIS 2879, at *30 (N.Y. App. Div. June 13, 2012) (finding plaintiff lacked standing to challenge the PSA because they are not parties to this contract, nor do they allege that they are third-party beneficiaries to the agreement). Because Plaintiff is not a party, assignee, or intended beneficiary of the securitization documents, she cannot base claims on documents to which she is not a party.

Plaintiff also lacks standing under the NMS. Plaintiff alleges BANA violated the NMS, *see* Compl. ¶¶ 18, 88, but Plaintiff does not allege she is a party to the NMS and does not allege any terms of the NMS that confer Plaintiff with standing to assert rights thereunder. *See*

*generally id*. Courts interpreting the NMS have consistently held that it is not enforceable by third-parties. *Conant v. Wells Fargo Bank, N.A.*, No. CV 13-572 (CKK), 2014 WL 575758, at *9 (D.D.C. Feb. 14, 2014); *see also SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 158 (D.C. Cir. 1998) ("this circuit has opted for a bright line rule ... that third parties to government consent decrees cannot enforce those decrees absent an explicit stipulation by the government to that effect") (internal citation omitted); *McCain v. Bank of Am.*, No. 13–cv–1418, 2014 WL 334196, at *7 (D.D.C. Jan. 30, 2014) ("The plaintiff was not a party to this consent judgment, and therefore, is unable to enforce any obligation imposed upon the parties to the judgment."); *Jurewitz v. Bank of Am.*, 938 F. Supp. 2d 994 (S.D. Cal. 2013); *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753 (E.D. Va. 2013); *Glaviano v. JP Morgan Chase Bank, N.A.*, No. 13–cv–2049, 2013 WL 6823122, at *1 n.1 (D.D.C. Dec. 27, 2013) ("Plaintiffs also erroneously claim that the foreclosure sale of their property is prohibited by the Consent Orders issued in *United States v. Bank of America* .... Plaintiffs were not parties in *United States v. Bank of America*, which dealt with mortgage servicing, origination, and certification in general and did not involve Plaintiffs' mortgage or any other particular mortgage."); *Ghaffari v. Wells Fargo Bank, N.A.*, No. 13-115, 2013 WL 6070364, at *4 (D.D.C. Nov. 19, 2013) ("claims by individual borrowers, such as Plaintiff, are excluded from the Consent Judgment"); *JPMorgan Chase Bank, NA v. Ackley*, No. 12-1338, 2013 WL 1749783 (Iowa Ct. App. Apr. 24, 2013) (finding that an affirmative defense alleging an NMS violation was correctly dismissed on summary judgment).

Moreover, a plain reading of the NMS confirms that Plaintiff has no authority to enforce its terms. Specifically, the NMS provides for its comprehensive enforcement only by "any Party to this [agreement] or the Monitoring Committee," indicating that there was no intent to provide for, or to allow, a right of action for anyone else. NMS, Ex. E at 15 § J.2. Also, the NMS states

that it is enforceable "solely in the U.S. District Court for the District of Columbia." *Id.* Ex. E at 14–15 §§ J.1–2. These provisions are grossly inconsistent with the idea that the parties to the NMS meant to allow millions of borrowers across 49 states to file lawsuits to enforce the NMS.

Because Counts One, Two, Six, and Seven against BANA Defendants are premised on a meritless challenge to or attempt to assert rights under the assignments, securitization, and NMS, which Plaintiff lacks standing to challenge or assert rights under, these Counts should be dismissed, with prejudice.

> ### 3. Plaintiff Does Not and Cannot State a Cognizable Claim for Civil Conspiracy to Commit Fraud (Count One) Against BANA Defendants.

As a preliminary matter, New York law does not recognize civil conspiracy to commit a tort as an independent cause of action. *Hoag v. Chancellor, Inc.,* 677 N.Y.S.2d 531, 534-35 (1st Dep't 1998). Thus, Count One should be dismissed at the outset.

To the extent Plaintiff alleges fraud, she fails to allege facts to support a cognizable claim. *See Introna v. Huntington Learning Ctrs., Inc.,* 78 A.D. 3d 896, 898 [2010] (the elements of a cause of action sounding fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages). Furthermore, the Complaint must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. To fulfill Rule 9(b)'s requirements, Plaintiff must precisely allege the material misstatements made, the time and place of each misstatement, the speaker, the content of the misstatements, the manner in which the misstatements were misleading, and what the defendants "obtained" as a result. *See Divittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir. 1987). Plaintiff fails to set forth any specific factual allegations to meet this standard. *See generally* Compl. The Complaint is further devoid of facts which give rise to any inference, let alone a strong one, of

scienter, as required. *See Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 509 (2d Cir. 1987). Because Plaintiff cannot satisfy Rule 9(b) through broad allegations which combine the acts of several defendants to create the impression that all engaged in every aspect of the alleged fraud, Plaintiff's claim for fraud fails. *See O'Brien v. Nat'l Prop. Analysts Partners,* 719 F.Supp. 222, 220 (S.D.N.Y. 1989). Accordingly, Count One fails because Plaintiff does not and cannot establish a claim for fraud, and a claim for civil conspiracy is not a stand-alone claim.

Moreover, Plaintiff does not and cannot allege any damages as a result of BANA Defendants' purported acts. Therefore, Plaintiff's Count One against BANA Defendants fails and should be dismissed in its entirety, with prejudice.

### 4.    Plaintiff Does Not and Cannot State a Cognizable Claim for Violation of RICO (Count Two) Against BANA Defendants.

As discussed in Section B.1, *supra*, Plaintiff's claim for violation of RICO is time-barred as a matter of law. Plaintiff claims BANA Defendants are in violation of RICO, 18 U.S.C. § 1961 *et. seq.*, alleging "a pattern of racketeering activity that has continued and escalated for more than 8 years." Compl. ¶ 234.

RICO "provides for liability in civil suits brought by any person injured 'in his business or property' by a RICO violation, with a compulsory award of treble damages, costs, and attorneys fees ... [and] makes it unlawful for 'any person' who is employed by or associated with 'any enterprise' affecting interstate commerce to 'participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 906 (3d Cir. 1991) (citations omitted). A RICO claim requires proof of three elements: (1) violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962. *DeFalco v. Bernas,* 244 F.3d 286, 305 (2d Cir. 2001), *cert. denied* 534 U.S. 891 (2001).

In order to establish a violation of 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). The requirements of 18 U.S.C. § 1962(c) must be established as to each defendant. *See United States v. Persico,* 832 F.2d 705, 714 (2d Cir. 1987), *cert. denied* 486 U.S. 1022 (1988).

Furthermore, to properly plead a RICO violation, a plaintiff must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Besicorp Ltd. v. Kahn,* 290 A.D.2d 147, 151 (3d Dep't 2002). Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The particularity "requires details regarding the alleged predicate acts in which each particular defendant was directly or indirectly involved or had responsibility as well as information concerning where, when and by which defendant any representations involved in the alleged fraudulent scheme constituting deception of Plaintiffs were communicated by use of the email and/or wires and how such statements actually deceived Plaintiffs." *Gross v. Waywell,* 628 F. Supp. 2d 475, 495 (S.D.N.Y. June 16, 2009).

In the instant case, Plaintiff utterly fails to plead the necessary elements to sustain a RICO claim against BANA Defendants, nor does she make any allegations with the level of specificity required by Rule 9(b). *See Compl. ¶¶ 230-245. Nothing in the Complaint constitutes a "pattern" of "racketeering activity," which the BANA Defendants "directly or indirectly" participated in and which amounted to an "enterprise" affecting "interstate commerce." *See Gentry,* 937 F.2d at 906. Plaintiff's allegations are conclusory and based on conjecture, which cannot establish a claim under RICO. Because Plaintiff has failed to plead her RICO claim with

the required level of specificity, the Court should dismiss Count Two against BANA Defendants, in its entirety, with prejudice, for failure to state a cognizable claim for relief.

Plaintiff's RICO claim further fails because Plaintiff does not and cannot allege she suffered any actual damages as a result of BANA Defendants' alleged actions.  The United States Supreme Court in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (May 16, 2016) recently held that a claimant lacks Article III standing to bring claims for statutory damages in the absence of any allegations of actual damages.  For an injury to be concrete it must be real and not abstract. *Spokeo,* 136 S. Ct. at 1548.  While intangible injuries can be concrete, standing still requires a "factual showing of perceptible harm*." Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009) (internal citation omitted).  The fact that Congress creates a statutory right, and supposedly grants an individual the right to sue to enforce that right, does not automatically create standing. *Spokeo*, 136 S. Ct. at 1549.  Depriving an individual of a procedural right without affecting some concrete interest is insufficient to create standing.  *Id.*; *Summers,* 555 U.S. at 496.  Furthermore, a claimant such as Plaintiff "cannot satisfy the demands of Article III by alleging a mere procedural violation." *Spokeo*, 136 S. Ct. at 1550.

Here, Plaintiff alleges speculative damages without any facts to support actual, perceptible harm suffered as a result of BANA Defendants' alleged actions.  *See generally* Compl.  Accordingly, under *Spokeo* and in the absence of actual damages, Plaintiff lacks standing to bring her claims.

Finally, assuming *arguendo* that Plaintiff's claim for violation of RICO is based on the notion that BANA Defendants "formed an association" through the Assignment of the Mortgage, any claim seeking to challenge the assignments fails for the reasons set forth in Section B.2,

*supra*. Furthermore, neither BANA nor Recontrust was a party to the assignments.  For all of these reasons, the Court should dismiss Count Two against BANA Defendants, with prejudice.

> **5.      Plaintiff Does Not and Cannot State a Cognizable Claim for Waiver of Tender (Count Three) Against BANA Defendants.**

As a critical matter, Plaintiff does not cite to any statute or case law establishing that New York law recognizes a cause of action for "waiver of tender."  *See* Compl. ¶¶ 246-260. Moreover, Plaintiff does not make any allegations relating to Recontrust in Count Three, and Count Three against Recontrust should be dismissed at the outset.

In support of her claim, Plaintiff alleges that on November 11, 2008, Countrywide returned funds to Plaintiff because the funds constituted a partial payment, Compl. ¶ 253, but Countrywide acting within its contractual right does not and cannot establish a waiver of tender. Waiver is an intentional and voluntary relinquishment of a known right.  *See, e.g.*, *Hadden v. Consolidated Edison Co. of N.Y.*, 45 N.Y.2d 466, 469 (N.Y. 1978).  Here, Countrywide returned Plaintiff's partial payment pursuant to the express language in the Mortgage which states, "lender may return or accept any payment or partial payment if it is for an amount that is less than the amount that is then due….lender may hold such unapplied funds until I make payments to bring the Loan current….or return them." Ex. B at 3-4.  Therefore, Countrywide's purported act was within its contractual rights, and the plain language of the Mortgage refutes Plaintiff's conclusory allegation that by Countrywide's return of the partial payment, it intended to waive its right to future payment.

For all of these reasons, Plaintiff's claim for waiver of tender (Count Three) against BANA Defendants fails as a matter of law, and the Court should dismiss it, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

6.    **Plaintiff's Claim for Declaratory Relief (Count Six) Against BANA Defendants Fails.**

Plaintiff seeks declaratory relief under 11 U.S.C. § 506(d), and appears to base the claim only on alleged conduct of co-defendants Nationstar Mortgage LLC ("Nationstar") and U.S. Bank. *See* Compl. ¶ 289. To the extent Plaintiff seeks declaratory relief against BANA Defendants, she is not entitled to the declaratory relief she seeks because her underlying claims fail for the numerous reasons outlined above. *See Kenmore Mercy Hosp. v. Daines*, No. 09-CV-162S, 2011 WL 4368564 (W.D.N.Y. Sept. 19, 2011) (claim for declaratory relief is not independent cause of action). Without an underlying substantive claim on which to base her requests for declaratory relief, Plaintiff's Count Six fails, and the Court should dismiss it against BANA Defendants, with prejudice.

7.    **The Court Should Deny Plaintiff's Request for Sanctions and Damages (Count Seven) Against BANA Defendants.**

Plaintiff requests that the Court impose monetary sanctions against Defendants under its inherent powers under 11 U.S.C. § 105(a).[4] Compl. at 51. Plaintiff appears to seek sanctions based only on alleged conduct by co-defendants Nationstar and U.S. Bank. *See id.* To the extent Plaintiff seeks sanctions against BANA Defendants, Plaintiff's request is frivolous and lacks factual allegations to support a plausible claim for relief against BANA Defendants. Significantly, Plaintiff bases her request for monetary sanctions on papers Defendants filed with this Court, but Plaintiff does not allege either BANA or Recontrust filed any papers with this Court. *See generally* Compl. Thus, the Court should deny Plaintiff's request for sanctions and monetary relief against BANA Defendants, as Plaintiff fails to state a cognizable claim for relief to support such an extraordinary remedy.

---

[4] Bankruptcy code § 105(a) empowers bankruptcy courts to impose civil, but not criminal or punitive sanctions against a creditor who abuses the claims process. *B-Real, LLC v. Chaussee,* 399 B.R. 225, 241(9th Cir. BAP 2008).

### III.    CONCLUSION

For all of the reasons set forth above, the Court should grant BANA Defendants' motion and dismiss Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WINSTON & STRAWN LLP

*Attorneys for Defendants Bank of America, N.A. and Recontrust Company, N.A.*

By:  */s/ Heather Elizabeth Saydah*
     Heather Elizabeth Saydah
     200 Park Avenue
     New York, NY 10166
     (212) 294-5312
     hsaydah@winston.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served true and correct copies of BANA Defendants' Motion to

Dismiss Plaintiff's Complaint via the Court's CM/ECF system, and upon the below party, via

Federal Express, this 20th day of January 2017:

> Linda M. Tirelli, Esq.
> Garvey Tirelli & Cushner, Ltd.
> 50 Main Street, Suite 390
> White Plains, NY 10606
> *Counsel for Plaintiff*
>
> Bruce Jacobs, Esq.
> Jacobs Keeley, PLLC
> Alfred I. Dupont Building
> 169 E. Flagler Street, Suite 1620
> Miami, FL 33131
> *Counsel for Plaintiff*

BY:    */s/ Heather Elizabeth Saydah*